Order, Supreme Court, New York County (Paul Wooten, J.), entered April 24, 2012, which, to the extent appealed from as limited by the briefs, granted defendants-respondents’ motions for summary judgment dismissing plaintiff Daniel Purcell’s Labor Law § 200 claim as against defendant JRM Construction Management LLC and the Labor Law § 241 (6) claim against both defendants to the extent predicated upon alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7 (e), 23-1.11 and 23-1.22 (b) (2), granted third-party plaintiffs’ motions for conditional summary judgment on their contractual indemnification claim against third-party defendant, and denied so much of third-party defendant’s cross motion for summary judgment as sought dismissal of third-party plaintiffs’ contractual indemnification claim against it, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff’s Labor Law § 200 claim against defendant JRM, because there is no evidence that JRM supervised the means or methods of plaintiffs work (see Hughes v Tishman Constr. Corp., 40 AD3d 305, 306 [1st Dept 2007]), and no evidence that it created or had actual or constructive notice of the allegedly dangerous condition that caused plaintiffs injury (see Berger v ISK Manhattan, Inc., 10 AD3d 510, 512 [1st Dept 2004]; see generally Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
The motion court also properly dismissed plaintiff’s Labor Law § 241 (6) claims to the extent indicated. Industrial Code (12 NYCRR) § 23-1.7 (e) (1) is inapplicable, since plaintiff testified that he slipped on wet plywood while carrying a heavy steel beam, and there is no evidence in the record that plaintiff tripped. Moreover, plaintiff’s accident did not take place in a “passageway” within the meaning of that provision; rather, it occurred in an open-work area on the eighth-floor roof setback of the work site (see Dalanna v City of New York, 308 AD2d 400, 401 [1st Dept 2003]). Section 23-1.7 (e) (2) is inapplicable because the wet plywood on which plaintiff slipped is not “debris” or any of the other obstructions listed in that provision; plaintiff does not claim to have slipped or tripped on any scattered tools or other materials (see Johnson v 923 Fifth Ave. Condominium, 102 AD3d 592, 593 [1st Dept 2013]). Section 23-1.11 is inapplicable, since plaintiff does not claim that his accident was caused by defects in the lumber and nail fastenings *433 used in the construction of the plywood (see Maldonado v Townsend Ave. Enters., Ltd. Partnership, 294 AD2d 207, 208 [1st Dept 2002]). Section 23-1.22 (b) (2) is also inapplicable, since the plywood is neither a runway nor a ramp (see Gray v City of New York, 87 AD3d 679, 680 [2d Dept 2011], lv denied 18 NY3d 803 [2012]).
The motion court correctly found that third-party plaintiffs are entitled to conditional summary judgment on their contractual indemnification claim against third-party defendant. The indemnity provision at issue does not violate General Obligations Law § 5-322.1, as it does not require third-party defendant to indemnify third-party plaintiffs for their own negligence (cf. Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 794 [1997]). Concur — Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.